An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIANO MADRID,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63916

FILED

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

On appeal from his petition filed on May 26, 2010, and his amended and supplemental petitions, appellant argues that the district court erred in denying claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

14-07383

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that trial counsel was ineffective for failing to hire a private investigator to assist with pretrial investigation and for failing to adequately investigate. Appellant contends that counsel's failure to investigate prevented him from developing defense witnesses and resulted in counsel's decision to downplay the gang aspect. Appellant has failed to demonstrate deficiency or prejudice. Counsel testified at the evidentiary hearing that he interviewed 15 to 20 witnesses and that he made a strategic decision to minimize appellant's gang affiliation at trial. While appellant asserts that counsel's testimony was unbelievable, matters of credibility are left to the district court. *See State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006). Appellant fails to identify any witnesses that counsel should have investigated.[1] Furthermore, while appellant contends that he was prejudiced by counsel's decision not to present evidence of gang involvement, he fails to explain how further investigation by counsel would have altered counsel's strategy at trial and thus have affected the outcome of the proceedings. We therefore conclude that the district court did not err in denying this claim.

---

[1]In his reply brief, appellant argues that his trial counsel was ineffective for failing to interview J. Sandoval. However, appellant did not raise this issue in his opening brief and, because a reply brief is limited to countering any matter set forth in the answering brief, we decline to consider this claim. *See* NRAP 28(c); *see also Bongiovi v. Sullivan*, 122 Nev. 556, 569 n.5, 138 P.3d 433, 443 n.5 (2006); *Elvik v. State*, 114 Nev. 883, 888 & n.6, 965 P.2d 281, 284 & n.6 (1998).

Second, appellant argues that trial counsel was ineffective for failing to file any pretrial motions and for failing to request criminal histories on the State's key witnesses. Appellant has failed to demonstrate prejudice. Appellant does not identify any pretrial motions and presents no cogent argument as to counsel's failure to file any motions. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). While he contends that counsel should have requested criminal histories of the witnesses, he does not allege what the criminal histories would have revealed or how they would have altered the outcome at trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying these claims.

Third, appellant argues that trial counsel was ineffective for allowing the admission of appellant's medical records in an "evidentiary vacuum," for failing to investigate an injury to appellant's right arm that could have rendered appellant incapable of committing the murder, and for failing to investigate the photographic line-up. We decline to consider these claims because appellant did not raise them below in his petition or supplemental petition. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Fourth, appellant argues that trial counsel was ineffective for failing to investigate the need for an expert to counter the State's expert witness testimony regarding the gang enhancement. Appellant argued below that counsel was ineffective for failing to attack the State's gang expert. Because the argument on appeal is not the same as that raised below, we decline to consider it. *See Ford v. Warden*, 111 Nev. 872, 884,

901 P.2d 123, 130 (1995) (stating that an appellant "cannot change [his] theory underlying an assignment of error on appeal").

Fifth, appellant argues that he is entitled to post-conviction relief due to the cumulative errors of counsel. He names as errors counsel's failure to adequately prepare appellant to testify, failure to prepare or advocate any defense, failure to consult or retain a crime scene expert or reconstructionist about blood spatters, and failure to object to evidence of gang affiliation, prior bad acts, and hearsay testimony. Appellant failed to raise any of these claims of error below, and thus we decline to consider his claim of cumulative error. *See Davis*, 107 Nev. at 606, 817 P.2d at 1173.

Next, appellant claims that the district court erred in denying his claims as bare and naked after granting an evidentiary hearing on his petition. He contends that being granted an evidentiary hearing means that he provided specific factual allegations in his petition. We conclude that appellant misunderstands the law. While a petitioner is entitled to an evidentiary hearing if he raises claims that are not belied by the record and entitle him to relief, he has the burden of proving his claims at the hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Moreover, the district court's grant of an evidentiary hearing on a petition does not necessitate a finding that every claim raised in the petition was supported by specific factual allegations, particularly where, as here, numerous claims were raised. We therefore conclude that this argument does not entitle appellant to relief.

Finally, appellant argues that portions of the district court's findings are not entitled to deference on appeal because the district court did not make a preliminary finding that trial counsel made a sufficient

inquiry into the facts of the case. Appellant claims that this finding was necessary for the district court to determine whether trial counsel's decisions were reasonable. Appellant has failed to demonstrate that the district court erred in denying any of his claims or that the district court's order was insufficient to allow this court to properly review appellant's claims. We therefore conclude that this argument does not entitle appellant to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Elizabeth Goff Gonzalez, District Judge
Michael H. Schwarz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk